

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CEPSA INTERNATIONAL BV,

                Plaintiff,

- against -

XYZ,

                Defendant.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

    Plaintiff, CEPSA INTERNATIONAL BV (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, XYZ, (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

    1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Holland.

    3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in the Marshall Islands.

4. By a charter party entered into on April 18, 2007 on the ASBATANKVOY charter party form, Plaintiff chartered to Defendant the ABC for the carriage of 30,000 MT fuel oil from one safe port Lavera to one or two safe ports "EUROMED NEOBIG."

5. The ABC was ordered to proceed to Lavera to load fuel oil, then to discharge part of that cargo (7,000 mts) at Cyprus by way of a ship-to-ship transfer into another vessel, the "SCF ALTAI." After discharge of this part cargo, the ABC was ordered to perform another ship-to-ship transfer to receive 11,000 mts cargo from a vessel named "DEF". The ABC was then instructed to proceed to Banias in Syria to discharge.

6. Plaintiff claims the sum of $187,660.90 from the Defendant. This is made up of demurrage[1] in the amount of $42,473.44, deviation in the amount of $114,218.75, bunkers in the amount of $20,523.10, bunker consumption during cleaning in the amount of $3,263.60, and time for de-slopping in the amount of $7,182.01.

7. In respect of the demurrage component of the claim, the Vessel was on demurrage for 1.708333 days at the rate of $25,500 per day, which less a 2.5% commission of $1,089.06, totals $42,473.44.

8. In respect of the deviation component of the claim, that theoretical steaming time from Lavera to Cyprus is 4 days, 23 hours, 15 minutes. Due to Defendant's deviation of the Vessel, the actual time used was 9 days, 10 hours, 48 minutes. Thus, the difference is 4 days, 11 hours, 30 minutes, *i.e.*, 107.5 hours, which at the rate of $25,500 per day totals $114,218.75.

9. In respect of the extra bunkers consumed as a result of Defendant's deviation, the Vessel consumed an extra 59,800 mts of fuel for a total of $20,523.10.

10. In respect of the extra bunkers consumed for cleaning, the Vessel consumed 8,100 mts of fuel for a total of $3,263.60.

11. In respect of the de-slopping discharge component of the claim, costs incurred de-slopping operations totaled $7,182.01.

12. Defendant breached the charter party by failing to pay to Plaintiff the amount of $187,660.90 despite that this amount is due and owing under the charter party. Despite due demand by Plaintiff, Defendant has never objected to this claim, or any part of this claim, such that the amount owed is not in dispute.

13. Pursuant to the charter party, all disputes must to be submitted to arbitration in London with English Law to apply. Plaintiff is now preparing to commence arbitration against Defendant in London. Plaintiff has provided Defendant with written notice of same.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $187,660.90; |
| B. | Interest on principal claim at 7% compounded quarterly for three years: | $43,432.11; |
| D. | Attorneys' fees and costs of arbitration: | $75,000.00; |
| **Total:** | | **$306,093.01.** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the

---

[1] Demurrage is liquidated damages for delays incurred in loading and/or discharging the vessel.

Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit "1".*

11.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, inter alia, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$306,093.01** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court.

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff its attorney's fees and costs of this action; and

F.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

June 19, 2008
New York, NY

        The Plaintiff,
        CEPSA INTERNATIONAL BV,

        By: _____
        Charles E. Murphy (CM 2125)
        LENNON, MURPHY & LENNON, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York City
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   June 19, 2008
         New York, NY

_____
Charles E. Murphy

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CEPSA INTERNATIONAL BV,

                        Plaintiff,                              08 Civ.

   - against -                                            ECF CASE

XYZ,

                        Defendant.
------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                         )    ss: Town of Southport
County of Fairfield   )

      Charles E. Murphy, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANT IS NOT PRESENT IN THE DISTRICT

      2.    I have attempted to locate the Defendant, XYZ, within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3.  I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.  Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5.  This is Plaintiff's first request for this relief made to any Court.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

6.  Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R .Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

7.  Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

8.  To the extent that this application for an Order appointing a special process server

2

with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

## PRAYER FOR RELIEF TO TEMPORARILY FILE PLEADINGS UNDER SEAL AND FILE REDACTED PLEADINGS WITH ECF

11.     Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

12.     Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

13.     Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

14.     The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

15.     The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendant.

16.     Indeed, the public's access to Ex-Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

17.     For the foregoing reasons, Plaintiff requests that this Court issue an Order that the pleadings, including the Verified Complaint and Orders filed herein, be temporarily filed under seal, and that the Plaintiff be directed to file a second set of pleadings on ECF, redacting the name of the Defendant and the name of the Vessel involved in this matter, and that the Court's order of maritime attachment and Order Appointing Special Process Server be kept under seal until this Court directs otherwise.

18.     This request is narrowly tailored to meet Plaintiff's needs. Once property is attached, the case should be unsealed, and unredacted pleadings may be posted electronically, as the interest underlying sealing the case and filing redacted pleadings will have been largely eliminated.

Dated: June 19, 2008
       Southport, CT

_____
Charles E. Murphy

Sworn and subscribed to before me
this 19 day of June, 2008.

_____
Commissioner of
Superior Court